## SUCCESSION OF CLEOPAS LANDRY.

It is impossible to lay down any definite rules limiting the discretion of a court in ordering or maintaining such steps as may be necessary for the protection of the persons, or property of minors. Cases may arise for which the law has made no specific provision, and in such cases, it is the duty of the court, in its discretion, to order such steps as may afford effectual protection ; but for all the ordinary purposes of administration, the interests of minors are placed under the control of tutors and under-tutors, acting under the supervision of the court.

A mere informality in the organization of a family meeting, does not involve a nullity of its proceedings, and they will not be set aside in the absence of proof of injury to the minors.

Where a family meeting assented to the second marriage of the tutrix, on condition of her giving bond to secure the minors, it will be time enough to consider the effect of this condition after the second marriage is contracted.

APPEAL from the District Court, Fifth District, Parish of Assumption, *Cole*, J. *Maurin & Gentile*, for appellants. *Mailhot & Mills*, for appellees.

LEA, J. It is not absolutely certain, from the manner in which the various matters displayed in the record have been referred to in the briefs of counsel, whether the appellants considered that one or both of the judgments which we find in the record were appealed from. As the under-tutor, however, has not been made a party to the appeal, and as but one judgment has been appealed from, we shall consider the appeal as applicable to the judgment dismissing the opposition of the appellants to the homologation of the proceedings of the family meeting held to deliberate upon the propriety of allowing the natural tutrix of the minors *Landry* to retain the tutorship notwithstanding her contemplated marriage. Various matters are set forth in the opposition, having

relation to the organization of the family meeting, and to the order of the Clerk thereon; to which opposition the tutrix filed a peremptory exception, that the opponents are without interest to enquire into the validity of the proceedings, or otherwise to disturb them. It is impossible to lay down any definite rules limiting the discretion of a court in ordering or maintaining such steps as may be necessary to the protection of the persons or property of minors. Cases may arise for which the law has made no specific provision, and in such case it is the duty of the court, in its discretion, to order such steps as may afford effectual protection; but for all the ordinary purposes of administration, the interests of minors are placed under the control of tutors and under-tutors, acting under the supervision of the court.

In the case at bar, no sufficient cause is set forth to justify the extraordinary interference of the relatives of the minors. A mere informality in the organization of a family meeting, does not involve a nullity of its proceedings, and though proceedings may be instituted for their annulment upon sufficient cause, they will not be entertained in the absence of any proof of injury to the minors. The rule governing such cases is laid down with clearness and precision in Marcadé, 2d vol., p. 207, sec. 4.

" La loi ne prononçant nullité ni pour l'inobservation de l'ensemble des règles ci-dessus tracées, ni pour aucune d'elles en particulier (ce qui donnerait un point de comparaison pour les autres); il s'ensuit que les tribunaux ne seront *jamais forcés* d'admettre cette nullité; mais, d'un autre côté, le législateur n'ayant certainement pas eu la pensée de laisser ces règles sans sanction aucune, il s'ensuit que les tribunaux auront *toujours la faculté* d'annuller en se décidant par les circonstances. Ils devront le faire, 1o. quand la violation portera sur une règle *tellement* grave, qu'il serait vrai de dire qu'il n'y a point de conseil de famille; 2o. quand la violation, quelle qu'elle soit en elle-même, aura causé un grave préjudice au mineur."

The District Judge did not consider that a case was presented which justified him in sanctioning the interference of the relatives of the minors, in the proceedings had with reference to their interests, and we are not prepared to say that he erred.

The homologation of the proceedings of the family meeting carries *with it*, at most nothing more than an obligation of the tutrix to furnish bond " pursuant thereto," in case she enters into a second marriage; or at least it is a condition annexed to the consent of the family meeting without which it probably would not have been given. Should the tutrix therefore marry without giving bond, it will be proper *to* consider the effect of the condition annexed to their assent, but not till then.

See *Smith, under-tutor*, v. *Dickerson*, 2d An., 401.

Judgment affirmed.